# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 21-0935 MWF (PVC)                                      Date:  October 6, 2021

Title            Bernard Lynn Williams v. Patrick Covello, Warden

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:    [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT IS UNTIMELY AND COMPLETELY UNEXHAUSTED**

      On December 24, 2020, Petitioner Bernard Lynn Williams ("Petitioner"), a California state prisoner proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2254 in the Northern District of California.[1] ("Petition," Dkt. No. 1).  The Petition was subsequently transferred to this Court. (Dkt. No. 6).  Petitioner asserts three grounds for federal habeas relief:  (1) testimony from two witnesses establishes that Petitioner is " not [the] actual shooter"; (2) Petitioner is mentally incompetent and did not know right from wrong when his co-defendant made him take the blame for the crime; and (3) he is innocent because he passed a polygraph test, the results of which were not admitted at trial pursuant to California's evidentiary rules.  (*Id.* at 5-6).  From the face of the Petition,

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000).  Here, the Court uses December 24, 2020, the date the Petition was signed, as the constructive filing date.  (*See* Petition, Dkt. No. 1 at 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-0935 MWF (PVC)                                   Date:  October 6, 2021

Title        Bernard Lynn Williams v. Patrick Covello, Warden

it appears that all three of Petitioner's grounds for relief are untimely and unexhausted.[2] (*Id.*).

   A.   **Background Facts**

   According to the California Court of Appeal's decision affirming Petitioner's conviction on direct appeal, on October 1, 2011, Petitioner and his acquaintance, Evian Hayden, got into an altercation with victim Raynard Fulton at a shopping center parking lot.  During the altercation, Fulton was shot and killed.  *See People v. Bernard Williams*, 2018 WL 2439878, at *1 (Cal. Ct. App. May 31, 2018).  Hayden was 6 feet 4 inches tall and was wearing dark pants, while Petitioner was 5 feet 10 or 5 feet 11 and was dressed in a gray hoodie sweatshirt with blue basketball shorts.  *Id*.  One bystander to the shooting testified that the taller of the two assailants pulled out a gun and shot Fulton, while another witness who saw Petitioner and Hayden fleeing after the shooting testified that the man wearing pants "was carrying something dark in his right hand."  *Id*. at *2-*3.

   Petitioner's trial strategy was to sow doubt about who shot Fulton.  *Id*. at *1.  Both Petitioner and Hayden testified at Petitioner's trial, "with each suggesting that the other shot Fulton."  *Id*. at *2.  The jury convicted Petitioner of second degree murder and possession of a firearm by a felon, and found true the enhancements alleging that Petitioner personally and intentionally discharged a firearm causing great bodily injury and death, and that the crimes were committed for the benefit of, at the direction of, or in association with a criminal street gang.  *Id*. at *5.

---

[2] The Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404-405 (1993)). Accordingly, it is questionable whether the stand-alone claims of actual innocence in Ground One and particularly Ground Three are even cognizable on habeas review as presented. However, for purposes of this Order to Show Cause *only*, the Court will assume that such claims are cognizable in order to focus on the procedural issues raised by the Petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-0935 MWF (PVC)                                   Date:  October 6, 2021

Title          Bernard Lynn Williams v. Patrick Covello, Warden

     **B.**      **Timeliness**

      The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions.  *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).  By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

      Under 28 U.S.C. § 2244(d)(1), state prisoners have only one year in which to file their federal habeas petitions.  The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  Here, the applicable limitations period appears to be that set forth in 28 U.S.C. § 2244(d)(1)(A).[3]

---

[3] Petitioner does not allege a state impediment to the filing of his claims; the claims do not rely on a constitutional right newly recognized by the Supreme Court; and the factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-0935 MWF (PVC)   Date:  October 6, 2021

Title   Bernard Lynn Williams v. Patrick Covello, Warden

    Under Subsection A, a petitioner has one year from the date that his conviction becomes final to file a federal habeas petition.  28 U.S.C. § 2244(d)(1)(A).  A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The California Court of Appeal affirmed Petitioner's conviction on May 31, 2018.  (*See* California Appellate Court Case Information website ("Case Information Website"), Cal. Ct. App. 2nd Dist., Case No. B280187, at http://appellatecases.courtinfo. ca.gov).[4]  Petitioner then filed a petition for review in the California Supreme Court on July 3, 2018.  (Case Information Website, Case No. S249654).  The petition was summarily denied without comment or citation to authority on September 12, 2018.  (*Id*.).

    Based on the information provided in the Petition, it does not appear that Petitioner filed a petition for a writ of certiorari with the United States Supreme Court after the California Supreme Court denied his petition for review.  (Petition at 3).  Because Petitioner did not pursue his appeal to the United States Supreme Court, his conviction became "final" 90 days after the California Supreme Court's decision issued, *i.e.*, on December 11, 2018.  *See* 28 U.S.C. § 2244(d)(1)(A); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.  Therefore, when a petitioner fails to seek a writ of certiorari from

---

predicates for Petitioner's claims -- witness testimony, mental incompetence and polygraph testing results -- were presumably known to Petitioner before or, at the latest, during trial.  Accordingly, it does not appear that the accrual dates under Subsections (B), (C), or (D) apply here.  However, if Petitioner contends that he is entitled to a later accrual date for the running of the statute of limitations under 28 U.S.C. § 2244(d)(1)(B), (C), or (D), he must explain the basis for that entitlement in his response to this Order and identify the specific date when he believes the statute of limitations should begin to run.

[4] The Court takes judicial notice of state court proceedings relevant to the disposition of this case.  *See United States v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-0935 MWF (PVC)                                Date:  October 6, 2021

Title   Bernard Lynn Williams v. Patrick Covello, Warden

the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."); *accord Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009).

The limitations period under § 2244(d)(1)(A) began to run the day after Petitioner's conviction became final and expired one year later, on **December 11, 2019**. The instant Petition was not filed until December 24, 2020.  Therefore, absent tolling, it appears to be untimely by over one year.

      **1.**       **Statutory Tolling**

AEDPA includes a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  The time between the date a conviction becomes final and the date a petitioner files his first state habeas petition is not subject to statutory tolling.  *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).  However, AEDPA's statutory tolling provision applies to "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Harris v. Carter*, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008).  "Applying these principles to California's post-conviction procedure . . . the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."  *Id.; see also Carey v. Saffold*, 536 U.S. 214, 217-23 (2002) (under California's "original writ" system, an application for state collateral review is "pending" in the state courts so as to toll the federal statute of limitations during the interval between a lower court's decision and the filing of a further original state habeas petition in a higher court).

Here, there is no record that Petitioner pursued any state court habeas relief after the California Supreme Court denied his petition for review on direct appeal.  Therefore,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-0935 MWF (PVC)                                    Date:  October 6, 2021

Title          Bernard Lynn Williams v. Patrick Covello, Warden

it does not appear that statutory tolling applies in this case because there is no state court habeas petition or proceeding that would toll the running of the statute of limitations.

If Petitioner wishes to avoid dismissal on timeliness grounds, his response to this Order to Show Cause should identify any errors in the foregoing analysis and provide any additional facts that would permit him to demonstrate that he is entitled to statutory tolling.  See *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").  To claim an entitlement to statutory tolling, Petitioner must identify any habeas petitions that he filed in state court after the California Supreme Court denied his petition for review on direct review.  To the extent possible, Petitioner must indicate in his response the date on which he filed a state court habeas petition and the date on which it was denied, and attach copies of his state court petitions and the related state court decisions.

### 2. Equitable Tolling

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both:  (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way.  See *Holland v. Florida*, 560 U.S. 631, 649 (2010); see also id. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence[.]'") (internal citations omitted); *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) ("The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'") (quoting *Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009)).

The Petition does not expressly request equitable tolling of the statute of limitations or indicate on its a face any grounds for Petitioner's entitlement to it.  Petitioner is advised that he bears the burden of demonstrating that he is entitled to equitable tolling.  See *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show grounds for equitable tolling); *Rudin v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-0935 MWF (PVC)                    Date:  October 6, 2021

Title        Bernard Lynn Williams v. Patrick Covello, Warden

*Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (a habeas petitioner "bears a heavy burden to show that she is entitled to equitable tolling, 'lest the exceptions swallow the rule'") (quoting *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)).  Should Petitioner contend that he is entitled to equitable tolling, in his response he must not only show that he was diligent and that an extraordinary circumstance prevented him from timely filing his federal Petition, but he must also identify the amount of time he contends that the statute of limitations should be equitably tolled.

### 3.    Actual Innocence

Finally, under the "fundamental miscarriage of justice" exception to the AEDPA limitations period, a petitioner's "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment [to the court's consideration of a constitutional claim] is a procedural bar. . . or . . .  expiration of the statute of limitations."  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011) ("[W]e hold that a petitioner is not barred by the AEDPA statute of limitations from filing an otherwise untimely habeas petition if the petitioner makes a credible showing of 'actual innocence' under *Schlup v. Delo*.").  The exception is limited to claims of actual innocence; a petitioner does not qualify if he asserts procedural violations only.  *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008); *see Schlup v. Delo*, 513 U.S. 298, 321 (1995) (observing that Supreme Court precedent has "explicitly tied the miscarriage of justice exception to the petitioner's innocence"); *Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("This . . . fundamental miscarriage of justice exception[] is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.") (quoting *McCleskey v. Zant*, 499 U.S. 467, 502 (1991)).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency.'"  *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-0935 MWF (PVC)                                    Date:  October 6, 2021

Title         Bernard Lynn Williams v. Patrick Covello, Warden

     A claim of actual innocence requires the introduction of "relevant evidence that was either excluded or unavailable at trial." *Schlup*, 513 U.S. at 327-28.  To qualify for the exception, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.  The new evidence may allow a petitioner to pass through the *Schlup* gateway if it casts sufficient "doubt on the conviction by undercutting the reliability of the proof of guilt." *Lee*, 653 F.3d at 938 (quoting *Sistrunk v. Armenakis*, 292 F.3d 669, 673 (9th Cir. 2002)).  The Supreme Court has stressed that the exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518, 521 (2006).  The *Schlup* standard is demanding and seldom met.  *See Stewart v. Cate*, 757 F.3d 929, 938 (9th Cir. 2014); *see also Schlup*, 513 U.S. at 324 ("[E]xperience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare").

     The Petition asserts two claims of actual innocence.  In Ground One, Petitioner asserts that he is "not the actual shooter."  Petitioner bases this claim on "statements from two witnesses who sa[id] the shooter was 6ft.4 and wearing all black," whereas Petitioner is "only 5ft10 and . . . had on blue shorts & gray hoody sweat shirt."  (Petition at 5).  In Ground Three, Petitioner asserts that he has further "proof of innocence" because he "took a poly Graph test and pass[ed] it."  (*Id.*).  Petitioner states that the results of his polygraph test were not admitted at trial only because state law "says it can't."  (*Id*. at 6).[5]

---

[5] The sole remaining claim in the Petition, Ground Two, does not appear to directly assert a claim of actual innocence.  In that claim, Petitioner states that he was "not compittent [sic]" due to his mild mental retardation, and got talked into "taking the []rap for murder" by Hayden and "didn't know right from wrong."  (*Id*. at 5).  It is difficult to understand exactly what Petitioner is alleging by this claim.  To the extent that he is contending that he was not mentally competent to stand trial, several courts in this Circuit and elsewhere have expressly found that allegations of incompetency do not state "a claim of actual innocence." *Singleton v. Guttierrez*, 2011 WL 838918, at *2 (C.D. Cal. Mar. 4, 2011) (citing *Moen v. Czerniak*, 2006 WL 2270879, at *7 (D. Or. Aug. 8, 2006) (finding incompetence to stand trial was not an allegation of actual innocence for purposes of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-0935 MWF (PVC)                                    Date:  October 6, 2021

Title         Bernard Lynn Williams v. Patrick Covello, Warden

     Here, it does not appear that Petitioner's claims would qualify for the "actual innocence" exception to the statute of limitations.  Ground One is based not on new evidence that was discovered after trial, but on evidence that was actually presented at trial and rejected by the jury.  According to the California Court of Appeal's decision, witness Theary Ly testified that the taller of the two assailants shot Fulton, and witness Jorge Ulloa testified that the assailant wearing pants was carrying "something dark in his right hand" as Petitioner and Hayden ran from the scene.  *Williams*, 2018 WL 2439878, at *2-*3.  While this testimony could be interpreted to identify Hayden as the shooter, it is not "new" evidence.  It was heard by the jury, which plainly did not give it any weight as the jury expressly found that Petitioner personally and intentionally discharged a firearm causing great bodily injury and death.  *Id*. at *6.

     In Ground Three, Petitioner asserts that he has "proof of innocence" because he took a polygraph test and "pass[ed] it."  (Petition at 5).  This bare bones assertion does not provide any information about who administered the test; when it was taken; what, specifically, it showed; or whether there is any scientific consensus regarding the reliability of lie detector tests.  However, even if polygraph evidence were admissible in

---

miscarriage of justice exception to habeas procedural default)); *see also Busby v. Yates*, 2010 WL 6824218, at *5 (C.D. Cal. Feb. 22, 2010), report and recommendation adopted, 2011 WL 2581463 (C.D. Cal. June 30, 2011) (petitioner's alleged incompetence at the time he entered his guilty plea "does not constitute new, reliable evidence of his actual innocence of the crime" because his "mental state when he entered the plea does not bear on petitioner's mental state at the time of the crime"); *cf. Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991) (rejecting petitioner's argument that "mental illness equates with actual innocence" for purposes of the actual innocence gateway).  Furthermore, Petitioner's contention in this claim that Hayden talked him into taking the blame for the murder is seemingly impossible to reconcile with the fact that Petitioner pled not guilty, (Petition at 2), and testified at trial that Hayden shot Fulton.  *See Williams*, 2018 WL 2439878, at *1-*2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-0935 MWF (PVC)                                    Date:  October 6, 2021

Title        Bernard Lynn Williams v. Patrick Covello, Warden

state court, which it is not,[6] and even if Petitioner's habeas claim were more fully fleshed out, numerous courts have found that polygraph evidence is not the kind of *reliable* exculpatory evidence that can show that "it is more likely than not that no reasonable juror would have convicted [the petitioner] in the light of the new evidence," as required for an actual innocence claim.  *Schlup*, 513 U.S. at 327; *see, e.g.*, *United States v. Scheffer*, 523 U.S. 303, 309 (1998) ("[T]here is simply no consensus that polygraph

---

[6] California Evidence Code § 351.1 provides:

> Notwithstanding any other provision of law, the results of a polygraph examination, the opinion of a polygraph examiner, or any reference to an offer to take, failure to take, or taking of a polygraph examination, shall not be admitted into evidence in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court, unless all parties stipulate to the admission of such results.

Cal. Evid. Code § 351.1(a).  In sum, "Evidence Code section 351.1 establishes a categorical prohibition on the admission of polygraph evidence in criminal cases absent a stipulation."  *People v. Wilkinson*, 33 Cal. 4th 821, 842 (2004).  The California Supreme Court explains that "Evidence Code section 351.1's restriction on the admissibility of polygraph evidence [is] a 'rational and proportional means of advancing the legitimate interest in barring unreliable evidence.'"  *People v. Thompson*, 1 Cal. 5th 1043, 1120 (2016) (quoting *People v. Hinton*, 37 Cal.4th 839, 890 (2006) (some internal quotation marks omitted)); *see also Long Beach City Emps. Assn. v. City of Long Beach*, 41 Cal. 3d 937, 949 n.14 (1986) ("The unreliability of polygraph examinations has led to their inadmissibility in judicial and administrative proceedings in California, as in other jurisdictions."); *Arden v. State Bar*, 43 Cal. 3d 713, 723 (1987) ("[B]ecause the results of polygraph examinations lack the requisite level of scientific acceptance and thus are of questionable probative value, a stipulation among the parties is required for such evidence to be admissible.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-0935 MWF (PVC)                           Date:  October 6, 2021

Title        Bernard Lynn Williams v. Patrick Covello, Warden

evidence is reliable."); *Shorb v. Nooth*, 727 F. App'x 442, 443 (9th Cir. 2018) ("The polygraph evidence is not sufficiently reliable to support a claim of actual innocence on its own."); *Hatch v. Lambert*, 215 Fed. App'x 614, 615 (9th Cir. 2006) ("When the general unreliability of polygraph evidence is viewed in combination with the other evidence at trial . . . we cannot conclude that 'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'") (quoting *Schlup*, 513 U.S. at 329); *Brown v. Oregon*, 2014 WL 5780805, at *4 (D. Or. Nov. 5, 2014) ("[P]olygraph results are not reliable enough to support a claim of actual innocence."); *Cortes v. Mills*, 2011 WL 6965804, at *5 (D. Or. July 18, 2011) ("Assuming a polygraph has some probative value, it cannot, standing on its own, prove that petitioner is actually innocent."); *Garcia-Soto v. United States*, 2016 WL 4744131, at *4 (D. Idaho Sept. 12, 2016) ("[P]olygraph evidence is not considered reliable evidence sufficient to establish actual innocence.") (citing *United States v. Marshall*, 526 F.2d 1349, 1360 (9th Cir. 1975)); *Branco v. Espinada*, 2009 WL 4042695, at *7 (D. Haw. Nov. 23, 2009) ("Analyzing the general unreliability of polygraph evidence in combination with the evidence at trial . . . [petitioner] has not presented evidence creating a colorable claim of actual innocence of the charges against him.").  Furthermore, as the Supreme Court has noted, "[a] fundamental premise of our criminal trial system is that 'the *jury* is the lie detector.'" *Scheffer*, 523 U.S. at 313 (quoting *United States v. Barnard*, 490 F.2d 907, 912 (9th Cir. 1973)).  As such, even a *per se* rule excluding all polygraph evidence "offends no constitutional principle" under federal law.  *Scheffer*, 523 U.S. at 314.

If Petitioner wishes to invoke the "fundamental miscarriage of justice" exception to the AEDPA limitations period, he must demonstrate in his response to this Order to Show Cause that he is actually, factually innocent of the crimes of which he was convicted.  He must show, based on *reliable* evidence that was excluded or unavailable at trial, that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.

In sum, for the reasons stated above, the statute of limitations in 28 U.S.C. § 2244(d)(1) appears to bar this action.  Petitioner is therefore **ORDERED TO SHOW**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-0935 MWF (PVC)                                      Date:  October 6, 2021

Title         Bernard Lynn Williams v. Patrick Covello, Warden

**CAUSE**, within **thirty days** of the date of this Order, why this action should not be dismissed pursuant to the AEDPA one-year period of limitation.  Petitioner is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling; why he qualifies for the "fundamental miscarriage of justice" actual innocence exception to the limitations period; and/or why a different accrual date for the running of the statute of limitations besides 28 U.S.C. § 2244(d)(1)(A) should apply to his case.

      **C.**      **Exhaustion**

      A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).  The petitioner must present his claims, including their federal basis, to the highest state court with jurisdiction to consider them, or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).  Accordingly, before a California state prisoner seeks federal habeas relief, he must first exhaust his claims in the California Supreme Court, either on direct or collateral review, or demonstrate that no state remedy remains available.

      Here, it appears that this action may warrant dismissal for lack of exhaustion.  Petitioner admits that his appeals on direct review did not raise the claims raised in his federal Petition.  (Petition at 3).  The Petition also appears to state that Petitioner did not seek habeas review in state court after the California Supreme Court denied his petition for review on direct review.  (*Id.*).  Accordingly, it does not appear that Petitioner has ever presented the claims in the instant Petition to the California Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-0935 MWF (PVC)                                          Date:  October 6, 2021

Title   Bernard Lynn Williams v. Patrick Covello, Warden

     Unlike other states, in California, "[t]here are no specific time limits for either filing the first petition or filing subsequent petitions in a higher court.  Instead, California courts employ a reasonableness standard.  The claim must generally be presented without substantial delay." *Robinson v. Lewis*, 9 Cal. 5th 883, 897 (2020).  Accordingly, it is not presently clear whether California courts would hear Petitioner's habeas claims if he attempted to assert them at this time, and as such, it is premature for the Court to find that Petitioner's claims either would or would not be procedurally barred if he returned to state court in an attempt to exhaust them now.[7]

     Petitioner is advised that a district court may, in its discretion, stay a completely unexhausted federal habeas petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). *See Mena v. Long*, 813 F.3d 907, 912 (2016).  Under *Rhines*, a stay may issue when: (1) the petitioner demonstrates good cause for having failed to first exhaust the claims in state court; (2) the claim or claims at issue are not plainly meritless; and (3) petitioner has not been dilatory in pursuing the litigation.  *Rhines*, 544 U.S. at 277-78.

     However, Petitioner is also advised that the Court cannot stay an untimely petition. Therefore, if this Petition must be dismissed as untimely, it would be futile for the Court to grant a *Rhines* stay.  *See Harnish v. Martell*, 2019 WL 994209, at *13 (C.D. Cal. Jan.

---

[7] "A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).  Procedural default is an affirmative defense, which may be waived unless the state asserts the defense to the petition before the district court.  *Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003).  While "the district court retains discretion to consider the issue *sua sponte* if the circumstances warrant," here, in light of the flexibility of California's "reasonableness" standard for determining the timeliness of habeas petitions, circumstances do not warrant a *sua sponte* finding of procedural default at this time. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-0935 MWF (PVC)                                    Date:  October 6, 2021

Title         Bernard Lynn Williams v. Patrick Covello, Warden

25, 2019) (denying request for a *Rhines* stay where federal petition was already untimely), report and recommendation adopted, 2019 WL 1405542 (C.D. Cal. Mar. 28, 2019); *Morrison v. Macomber*, 2017 WL 4534825, at *5 (C.D. Cal. Mar. 28, 2017) ("[I]t would be futile to grant a stay of a Petition that is untimely now and will still be untimely when any stay might be lifted."); *Jones v. McDowell*, 2021 WL 2168957, at *3 (C.D. Cal. Feb. 15, 2021), report and recommendation adopted, 2021 WL 2165205 (C.D. Cal. May 26, 2021) (denying request to stay untimely petition under *Rhines* as moot).

In sum, for the reasons stated above, it appears that this action is subject to dismissal because its claims are completely unexhausted.  Petitioner is therefore **ORDERED TO SHOW CAUSE**, within **thirty days** of the date of this Order, why this action should not be dismissed for failure to exhaust.  If, upon further reflection, Petitioner wishes to contend that all of his claims are exhausted, he should append to his response copies of any document, such as his state court briefs or petitions, establishing that each ground is exhausted.  However, if Petitioner concedes that his claims are completely unexhausted, he may request a stay under *Rhines* upon a showing that (1) he has good cause for having failed to first exhaust the claims in state court; (2) the claims at issue are not plainly meritless; and (3) he has not been dilatory in pursuing the litigation.  *Rhines*, 544 U.S. at 277-78.  Regardless of the option Petitioner chooses, he must also show that the Petition is not untimely.

   D.   Order

Accordingly, for the reasons stated above, Petitioner is **ORDERED TO SHOW CAUSE**, within **thirty days** of the date of this Order, why this action should not be dismissed because the claims in the Petition are untimely and completely unexhausted. Alternatively, instead of filing a response, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **<u>A Notice of Dismissal form is attached for Petitioner's convenience.</u>**  However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which states that "[a] 1-year period of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | CV 21-0935 MWF (PVC) | Date: October 6, 2021 |
| Title | Bernard Lynn Williams v. Patrick Covello, Warden | |

limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Petitioner is expressly cautioned that if he fails to respond to this Order to Show Cause by the Court's deadline, the Magistrate Judge will recommend that this action be dismissed for failure to prosecute and obey court orders.** *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

| | 00:00 |
|---|---|
| **Initials of Preparer** | mr |